Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -1 PM 4: 15

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | Case No. A00-0023-002 CR (HRH) |
|---|---|
| Plaintiff, | |
| vs. | MOTION FOR RESENTENCING AS A RESULT OF THE LIMITED *AMELINE* REMAND AND THE DISTRICT COURT'S OWN RESERVATION OF FUTURE AUTHORITY TO REVISIT THE FINE |
| RICK RUSHING, | |
| Defendant. | |

Defendant, Rick Rushing, by and through counsel Mary C. Geddes, Assistant Federal Defender, moves this court for re-sentencing as the result of the limited *Ameline* remand and the court's own reservation of future authority to revisit the fine imposed on defendant.

189

A.  **Background and Reservation of Authority**

Rick Rushing was convicted on nine counts: Count 1 (violation of Clean Air Act), a class D felony; Counts 3-9 (obstruction), class D felonies; and Count 2 (violation of Clean Water Act), a class E felony. At his jury trial, with respect to Count 2, the jury found that Mr. Rushing was in violation of the Clean Water Act for 104 days.

The presentence report stated that the fine under the Clean Water Act was $5,000 to $50,000 per day of violation. PSR at ¶ 70a. It also reported that the other applicable statute, 18 U.S.C. § 3571 ("Sentence of fine"), provides that $250,000 is the maximum fine amount for individuals convicted of a felony. Section 3571(b)(3), cited in PSR at ¶ 70a.

At the urging of the government, the court imposed a $520,000 fine. Although the court did not specify in open court or in its written judgment that the fine was imposed only with respect to Count 2, in this amount it had to be, given the calculation ($5,000 fine multiplied by 104 days equals $520,000).[1]

However, the court reserved the finality of this decision:

> The Court finds that the question of whether or not the defendant has the ability to pay a fine is currently ambiguous.[2] I'm going to impose a fine at

---

[1] Mr. Rushing's counsel, Paul Nangle, did not argue at sentencing that any fine imposed in excess of $250,000 was illegally imposed; however, he did argue that such a fine would exceed Mr. Rushing's ability to pay. He conceded Mr. Rushing's ability to pay a fine up to only $25,000. Partial Transcript of Proceeding, IOS, at 45.

[2] The PSR, under the heading of Financial Condition: Ability to Pay (¶¶ 61-62), showed total assets in the amount of $121,250, unsecured debts in the amount of $77,450,

2

>   this time, and after the situation – after the financial situation of Mr. Rushing has clarified some and when he comes available for supervised release, I will review the fine that I'm imposing with the possibility of remitting a substantial portion of it. For now it is the order of the Court that the defendant pay the minimum fine under the Clean Water Act which is $520,000. That sum is due and owing immediately and any amount that is not satisfied when the defendant is released from the custody of the Bureau of Prisons may be satisfied in monthly payments which will be determined by the defendant's probation officer with reference to the assets and earnings that the defendant has at that time.

Partial Transcript of Proceeding, IOS, at 5 (January 12, 2001). Neither party objected to the reservation of authority to revisit the amount of the fine following Mr. Rushing's commencement of supervised release.

Mr. Rushing has now served his sentence of 57 months and commenced supervised release. He has since submitted financial statements at the request of his probation officer, Mary Barnes.

**B.     The Remand**

The Ninth Circuit Court of Appeals remanded this case, pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir. 2005), to answer the question of whether the sentence would have been different if the court had known the Sentencing Guidelines were advisory. Just as it is error to impose a prison term based on the mistaken view that the guidelines mandate it, it is also a *Booker* error to impose a fine on the same basis. *United States v. Meyer*, 427 F.3d 558 (8th Cir. 2005), *cf. United States v. Huber*, 404 F.3d 1047, 1063

---

for a net worth of $43,800, and with a net monthly cash flow of *negative* $683.

(8th Cir. 2005) (recognizing that, in the wake of *Booker*, district courts may deviate from the guidelines range in imposing a fine); *accord Crooker v. United States*, 325 F.2d 318, 321 (8th Cir. 1963) (defining a fine as "a matter of punishment").

The Presentence Report at ¶ 72 demonstrates that the fine in this case was imposed after the court's consideration of Sentence Guidelines U.S.S.G. §§ 5E1.2(c)(3), 5E1.2(c)(4), and 5E1.2(a), and their requirements. However, the amount imposed was in excess of the guideline range, which specified the fine at offense level 22 was $7,500 to $75,000. To the extent that the court's decision-making was informed and influenced by the mandatory nature of the Sentencing Guidelines, an *Ameline* remand is appropriate on the issue of the applicable fine. The fine should be vacated, and be the subject of resentencing, at which time Mr. Rushing's financial status is appropriately revisited and hopefully well-clarified.

C.  **Why Resentencing Ought to Proceed**

First, the penalty provision for the Clean Water Act violation, 33 U.S.C. § 1319(c)(2)(A), does not specify a maximum penalty for each count of conviction, but the Criminal Code does, and there is nothing in the Clean Water Act that exempts its operation from the maximum specified in 18 U.S.C. § 3571(b)(3). Therefore, the maximum statutory fine for this count was $250,000.

Second, although a minimum fine is specified in the Clean Water Act penalty provision for "knowing violations," the operation of this statute, in conjunction with that of

4

18 U.S.C. § 3571(a) and the Sentencing Guidelines, allows for consideration of a defendant's ability to pay a fine. *See* PSR at ¶ 73.

Third, that process of evaluating Mr. Rushing's ability to pay was effectively stayed by the court, pending Mr. Rushing's incarceration until such time as the court could better evaluate Mr. Rushing's financial circumstances. That time has come.

### D.   Conclusion

For the above-stated reasons, Mr. Rushing respectfully asks that this court re-convene for the purpose of determining the applicable fine in his case.

Dated at Anchorage, Alaska, this 1st day of December, 2005.

Respectfully submitted,

THE OFFICE OF FEDERAL DEFENDER
FOR THE DISTRICT OF ALASKA

Mary C. Geddes
Assistant Federal Defender

Certification:

I certify that on _December 1_, 2005,
I hand delivered a copy of this document to:

Tom Bradley, Esq.
Criminal Division Chief
U.S. Attorney's Office
222 West 7th Avenue, No. 9, Rm 253
Anchorage, AK 99513-7567

5

Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RICK RUSHING,<br><br>　　　　　Defendant. | Case No. A00-0023-002 CR (HRH)<br><br>**AFFIDAVIT OF COUNSEL** |

STATE OF ALASKA　　　　　)
　　　　　　　　　　　　　　) ss.
THIRD JUDICIAL DISTRICT　)

　　　　Mary C. Geddes, being first duly sworn upon oath, deposes and states:

　　　　1.　　I am the attorney assigned to represent defendant in the above-captioned case.

///

2. All the representations contained in the attached motion are true and correct to the best of my knowledge.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Mary C. Geddes

SUBSCRIBED and SWORN to before me this 1st day of December, 2005.

_____
Notary Public in and for Alaska
My Commission Expires: 3/14/2007

STATE OF ALASKA
NOTARY PUBLIC
Lenora L. Roehling
My Commission Expires: March 14, 2007

2