TIMOTHY M. BURGESS
United States Attorney

KEVIN FELDIS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kevin.feldis@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:00-cr-023-HRH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **UNITED STATES'** |
| vs. | ) | **RESPONSE TO** |
| | ) | **DEFENDANT'S MOTION** |
| RICK RUSHING, | ) | **FOR RE-SENTENCING** |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States Attorney's Office, by and through Kevin Feldis, Assistant U.S. Attorney, and hereby opposes defendant's motion for re-sentencing on the grounds that the defendant's sentence of fine would not have been materially different had the court known that the Sentencing Commission guidelines were advisory as opposed to mandatory.

I.  **Original Fine Calculation**

At sentencing, the Court found that Mr. Rushing had a total adjusted guideline offense level of 22, with a criminal history category of II.  Accordingly, his fine range under the sentencing guidelines was $7,500 to $75,000.  U.S.S.G. § 5E1.2(c)(3).  Under the Clean Water Act , 33 U.S.C. (c)(2), Mr. Rushing faced a statutory fine range of between $5,000 and $50,000 per day of violation, multiplied by 104 days of violation, for a total fine of between $520,000 and $5,200,000. [IOS Trans. I at 12; PSR at 16-17][1].

At trial, evidence was presented that there were 104 days during which the Clean Water Act was violated.  No special verdict form was submitted on this issue, but none was or is required.  Relying upon the evidence at trial, and the statutory sentencing scheme, the Court imposed a fine sentence of $520,000 (104 days x $5,000).  [IOS Trans. II at 5].

II.  **The Ameline Remand**

On September 19, 2005, the Ninth Circuit Court of Appeals granted a second remand of this case pursuant to the authority of United States v. Ameline,

---

[1]Two transcripts have been made of the Imposition of Sentence held on January 12, 2001. The first, at docket #117F, is hereinafter referred to as "IOS Trans. I ." The second, at docket #162, is hereinafter referred to as "IOS Trans. II." The Presentence Report is referred to as "PSR."

409 F.3d 1073, 1084-5 (9th Cir. 2005).  Upon remand, this Court was asked to answer the question of would the sentence imposed have been materially different had the court known that the sentencing guidelines were advisory as opposed to mandatory.  This was the sole issue on remand.

In response, the Court issued an order directing Mr. Rushing to indicate whether or not he wanted to pursue or opt-out of the <u>Ameline III</u> sentence review process.  If Mr. Rushing chose to pursue the <u>Ameline III</u> review process, the Court ordered that he file a memorandum addressing the single question of "whether or not the court would have imposed a materially different sentence of fine had the court know that the Sentencing Commission guidelines were advisory as opposed to mandatory." [Orders at dockets 184 and 188].

### III.   Defendant's Arguments in Support of Re-Sentencing

On December 2, 2005, Mr Rushing filed a "motion for re-sentencing as a result of Ameline remand and the district court's own reservation of future authority to revisit the fine."  Defendant's motion went beyond the limited scope of addressing the question of whether the defendant's sentence would have been different under an advisory guideline system.  In fact, rather than point to any evidence that his sentence was materially impacted by the sentencing guidelines, or would have been different under an advisory guideline regime, Mr. Rushing raised

two different issues. First, he argued that the court should re-sentence him because at the original sentencing the court indicated the possibility of remitting portions of the fine at a later time. Second, he argued that the fine imposed somehow exceeded the maximum allowed by law. In support of his motion, and again beyond the scope, Mr. Rushing also filed two financial questionnaire forms.

In a subsequently filed addendum, Mr. Rushing added the argument that the court must have "mistakenly assumed that there was a special verdict form" as to the number of days the Clean Water Act was violated when it used the figure of 104 days to calculate the appropriate fine.

## IV.  Defendant's Sentence Would Not Have Been Different

Mr. Rushing was sentenced to pay a fine of $520,000 pursuant to the statutory sentencing scheme created by Congress under the Clean Water Act. At the time of sentencing, as today, all agree that the statutory fine applicable to this case exceeds the sentencing guideline range of $7,500 to $75,000. U.S.S.G. § 5E1.2(c)(3).

There is no indication in the record, and no evidence to support the proposition, that the Court's decision to fine Mr. Rushing $5,000 a day for the 104 days of Clean Water Act violations was impacted in any way by the sentencing guidelines. Accordingly, the United States argues that the answer to the question

pursuant to the Ameline III review process is No, the court would have imposed a materially different sentence of fine had the court know that the Sentencing Commission guidelines were advisory as opposed to mandatory.

None of the other issues raised by Mr. Rushing are properly before the Court. In fact, the defendant may have waived the right to raise or be procedurally barred from bringing one or more of the claims he seeks to interject into his Ameline III review process.

A.   Remittance and Financial Condition

The issue of remittance and the defendant's ability to pay the fine imposed are not properly part of this remand proceeding. Likewise, Mr. Rushing's submission of financial forms is improper. Even if it were appropriate to consider such submissions, the un-audited and self-completed financial forms filed by Mr. Rushing do little to support Mr. Rushing's request to be re-sentenced to a lower fine. A concern was raised at the time of his original sentencing that Mr. Rushing had transferred and hidden valuable assets. His most recent submissions do little to belay those concerns. The United States therefore believes that, if considered at all, the financial forms submitted by defendant should be given little if any weight by the court.

B.  Fine Calculation and Statutory Maximum

As argued above, Mr. Rushing's challenges to the fine calculation and the actual fine amount imposed are improperly raised at this time. Moreover, the evidence at trial was that the violation of the Clean Water Act continued for 104 days, as alleged in the indictment. Based upon the evidentiary record, and as authorized by the statute itself, the Court properly multiplied 104 days of violation times $5,000 to impose a of fine of $520,000. Despite the inferences made by defendant, this sentence was entirely appropriate and legal. The sentencing provisions of Tile 18, United States Code, Section 3571 specifically state that an individual may be fined the greater of: (1) the amount specified in the law setting forth the offense (as is the case here with the Clean Water Act); or (2) $250,000. Accordingly, there is nothing improper about the Court's decision to impose a statutory sentence of $520,000 based upon the crimes proven in this case.

V.  **Conclusion**

Mr. Rushing has presented to support for the argument that the fine imposed would have been any different had the guidelines been advisory. The guidelines played little if any role in the statutory based fine imposed. As to all other issues raise, they are not properly before the court. The United States respectfully

requests that defendant's motion for re-sentencing be denied on all grounds.

RESPECTFULLY SUBMITTED this <u>5th</u> day of January, 2006, in Anchorage, Alaska.

TIMOTHY M. BURGESS
United States Attorney

 s/Kevin Feldis
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kevin.feldis@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2006,
a copy of the foregoing Response was served
electronically on Mary C. Geddes.

s/ Kevin Feldis