Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>RICK RUSHING,<br><br>                    Defendant. | Case No. A00-0023-002 CR (HRH)<br><br>**DEFENDANT'S REPLY<br>CONCERNING DEFENDANT'S<br>MOTION FOR RESENTENCING** |

          Defendant, Rick Rushing, by and through counsel Mary C. Geddes, Assistant Federal

Defender, hereby replies to the government's pleading, at docket 195, concerning his motion for

resentencing.  The government takes the position that the matter of Mr. Rushing's fine is not

properly considered by this court in this Ameline remand.  The government is mistaken for the

following reasons:

•          On appeal, Mr. Rushing had expressly made, and thereby preserved, the argument that the
           fine imposed in his case violated the Sixth Amendment.  He specifically complained that the
           Ninth Circuit's original decision had misread the record and erroneously assumed that it was

the jury – and not the sentencing court – that had decided the number of days Mr. Rushing had violated the Clean Water Act.[1]

•       The fact that the Ninth Circuit Court of Appeals did not specifically address that issue, but instead directed a remand which encompasses the matter of the fine, does not in any way preclude the district court from evaluating the legal basis of its earlier determination – indeed, that is the reason for a mandate to a district court, for it to determine whether its original sentence would be different in the aftermath of new law, i.e., Blakely,[2] Booker,[3] and Ameline.[4]

---

[1]       See Appellant's opening brief, at 9, in which the following argument was made.

        This [appellate] court should also find Sixth Amendment error in the imposition of the $520,000 fine.  As noted by this court in its earlier opinion, *United States v. Technic Services, Inc.*, 314 F.3d 1031, 1053 (9th Cir. 2002), Count 2 of the indictment charged defendants with violations of the Clean Water Act from "[o]n or about January 3, 1996 and continuing to on or about April 15, 1996." (ER Tab A at 8) On appeal, Mr. Rushing had specifically complained that the amount imposed was without a factual basis.  Confusingly, and despite the qualifying language of "on or about" hedging the dates for the term of the violation, [the appellate] court considered the jury verdict a specific "finding" that Mr. Rushing had violated the Clean Water Act for 104 days, and should be fined accordingly, at the minimum per day rate of $5000.  The court's assumption as to that finding and as to Mr. Rushing's lack of objection was mistaken.  Mr. Rushing has included the jury verdicts as part of the excerpts of record so that this court can determine that the jury made no such determination, i.e., that the term of violation consisted of 104 days.  (ER Tab B)  In the absence of a specific finding by the jury, this court must vacate the fine and remand for resentencing because any amount in excess of the $5000 minimum fine for Count 2 (PSR ¶ 70a at 16) amounts to a sentencing enhancement not supported by a factual finding beyond a reasonable doubt, and is in violation of Mr. Rushing's Sixth Amendment rights under *Ameline*.

[2]  In Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the United States Supreme Court explained that "the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Id. at 2537 (citations and internal quotation marks omitted) (emphasis in the original).

[3]  The Court's decision in Blakely applies to the United States Sentencing Guidelines.  See United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 746, 160 L. Ed. 2d 621 (2005).

[4]  In United States v. Ameline, 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc), the Ninth Circuit Court of Appeals held that a limited remand is appropriate, "where it is not possible to

- Plain error can be addressed for any case which has remained on direct appeal, as this one has;

- <u>Blakely</u> made it clear that the statutory maximum fine which could be imposed for a Clean Water Act violation (Count 2) was $50,000, absent a specific factual finding by the jury as to the number of days of violation.  Even if the original Ninth Circuit decision in Mr. Rushing's case concluded differently, that decision was eviscerated by <u>Blakely</u>, which held that a sentencing court could not aggravate a statutory maximum sentence based upon facts which had not been found by a jury.

- Answering the question – of whether the court's decision on the fine would have been different in the aftermath of <u>Booker</u> and <u>Ameline</u> – <u>does not require this court to disregard that</u>:

    - noting that Mr. Rushing's ability to pay a fine was then ambiguous, the court had reserved the finality of its determination until the time Mr. Rushing became available for supervised release (Partial Transcript, IOS at 5 (Jan. 12, 2001)), meaning the time for its review is nigh; and

    - the fact that the fine tentatively set by the court in any event exceeded the statutory maximum which could be legally imposed for this class of felony under 18 U.S.C. § 3571.  <u>See</u> PSR ¶ 70a.

---

reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory . . . ."

•        Therefore, for reasons stated above and in the following footnote,[5] a resentencing is

---

[5] Mr. Rushing prepared a point-by-point response to the government's pleadings and the undersigned sees no reason not to have his submission incorporated into this reply, since time is limited for the movant's reply.

*On page 1 of the response after "COMES NOW" the Government opposes defendant's motion for resentencing on the grounds that defendant's sentence of fine would not have been materially different had the court known that the Sentencing Commission Guidelines were advisory as opposed to mandatory. On page 3 the Government states, "This was the sole issue on remand."*

*The Ninth Circuit's remand instructions that encompasses a multi prong analyzes for plain error under Ameline (en banc) with reference to Booker, Fanfan, Castillo, Crosby and Howard. Likewise, as indicated on pages 1073 & 1084-1085, Ameline (9th. Cir. 2005) (En banc), the Remand is not just a singular question of whether the defendant's sentencing (fine) would have been different under an advisory guideline system versus the mandatory guidelines. This is supported in the Remand itself wherein it states:*

*We remand the sentence for further proceedings consistent with "U.S. v. Ameline, 409 F3.d 1073, 1084-1085 (9th. Cir. 2005) (En Banc).*

*These facts of opposition were argued in Appellant's 9th. Cir. Opening Brief, page 9 and again in Defendant's current Addendum and Errata to Motion for Resentencing, pages 1-2.*

*Consequently, the 9th. Circuit instructions unequivocally states,*

*"the Sixth Amendment objection that the defendant's sentence was enhanced by judge-found facts under a mandatory guideline system is available to the defendant alone. (Ameline 409 F.3d 1084) @ Booker/Fanfan, 125 S. Ct. @ 769*

*The above instruction is clear and does not allow the Court or Government to raise the Sixth Amendment objection that is available to the defendant alone. However, the District Court upon remand, like the government has construed the sole issues on remand is to answer the question of would the sentence (fine) imposed have been materially different had the court known that the sentencing guidelines were advisory as opposed to mandatory? This rational is flawed for three (3) reasons.*

_First, the Remand is not just a singular question of whether the defendant's sentencing (fine) would have been different under an advisory guideline system because this question is reserved for the defendant alone.  (Ameline 409 F.3d 1084)_

_Secondly, the 9th Circuit's remand instructions encompasses a multi prong analyzes for plain error under Ameline, 409 F3.d 1073, 1084-1085 (9th. Cir. 2005), as previously argued and contained herewithin._

_Thirdly, the government has admitted plain error and answered the defendant's Sixth Amendment objection with its proclaimed use of the Mandatory Sentencing Commission Guidelines, Imposition of Sentence Records and Pre-Sentencing Report that are by motion part of the record._

_I.  ORIGINAL FINE CALCULATION_

_The government argues without citation to any trial court testimonial records that evidence presented at defendants trial supported the 104 days during which the Clean Water Act was violated.  In support thereof government directs reference to transcripts from defendant's January 12, 2001, Imposition of Sentence and PSR rather than from testimony (non-existing) produced at defendant's trail or jury findings.  The government's reliance upon evidence at defendant's trail is unsupported by the record._

_Accordingly in August 2004 – Appellant's Opening Brief, page 9 to the 9th Circuit argues:_

> _"In absence of a specific finding by the jury, this court must vacate the fine and remand for resentencing because any amount in excess of the $5,000 minimum fine for Count 2 (PSR/70a @ 16) amounts to a sentence enhancement not supported by a factual finding beyond a reasonable doubt, and is in violation of Mr. Rushing's Six Amendment rights under Ameline"._

_Further, in September 2004 – Appellant's Reply Brief, page 2, 3 & 14 respectively to 9th Circuit defendant argues that:_

> _"the government argues this case did not involve plain error because a judge finding (rather than a jury's) of sentencing facts is not necessarily a fundamentally flawed proceeding. The government misses the principal issue.  The court found the sentencing factors applied to Rushing's case to be clear & convincing evidence, not proof beyond a reasonable doubt."_

_Also, the original fine calculation by the District Court were made on the basis of the Sentencing Commission Guidelines by using Imposition Of Sentence records and the PSR to calculate days (104) defendant allegedly violated the Clean Water Act. This sentencing scheme was ultimately overruled by the Supreme Court, which stated:_

_". . . constitutional infirmity arises only when extra-verdict findings are mandatory guidelines systems and . . . . In Booker, the Supreme Court struck down the sentencing scheme created by the Sentencing Reform Act of 1984 to the extent that the Act mandated the imposition of sentence predicated on facts not found by the jury or admitted by the defendant." (Ameline 409 F.3d 1073)_

_Consequently, the District Court committed plain error by employing the mandatory Sentencing Commission Guideline scheme. This fact was argued in Defendant's current Motion for Resentencing and under Ameline 409 F.3d 1073 and 1085, that states:_

_". . . Government bears burden of proof for any contested fact that sentencing court would find necessary to determine base offense level; court may not simply rely on factual statements in presentence report and . . . remand is also required to address the district court's error in misallocating the burden of proof at sentencing, in light of the presentation of evidence by Ameline challenging the drug amount recommended in the PSR._

_Clearly my case is parallel to Ameline (en banc), wherein, the Ameline case the Court erred in its erroneous allocation of the burden of proof by relying on and using unproven quantities of metamphetamine as were submitted in the PSR. In my case the Court erroneously calculated the days of fine. The jury did not establish any specific days of violation, trail testimonial records does not establish numerous days in violation, concurrent or otherwise and the sentencing court indeed as admitted by the government used the basis of the Sentencing Commission Guidelines and PSR to calculate days (104) that Rushing allegedly violated the Clean Water Act. Consequently, the sentencing court placed the 'burden of proof' on defendant rather than the Government. These subject matters are indeed discussed in the Ameline case and are a part and parcel of this Remand._

_II. THE AMELINE REMAND_

_Government argues that upon remand the District Court was asked to answer the question of would the sentence imposed have been materially different had the_

6

*court known that the sentencing guidelines were advisory as opposed to mandatory. And this was the sole issue on remand.*

*To the contrary, although the government and district court's ascertains the remand is for the above single issue only and not supported by Ninth Circuit directions, as part of this remand, it is only one analyzes under the Sixth Amendment objection to be raised by defendant alone. Remaining within the remand is the multi prong analyzes for plain error under Ameline (en banc) that encompasses decisions made under Booker, Fanfan, Castillo, Crosby and Howard. The remand not just a singular question of whether the defendant's sentencing (fine) would have been different under an advisory guideline system because this question is reserved for the defendant alone. (Ameline 409 F.3d 1073, 1084-1085 (9th. Cir. 2005).*

### III.   DEFENDANT'S ARGUMENTS IN SUPPORT OF RE-SENTENCING

*The government ascertains that Rushing's arguments for re-sentencing misses the mark because Rushing did not address the Sixth Amendment objection presently addressed by the district court and none of the other issues raised by Rushing are properly before the court.*

*However, although Rushing made reference to Title 18 U.S.C. Section 3571 and the District Court's own reservation of future authority to revisit the fine, these issues were only two (2) of the four (4) raised in defendant's opening brief that was filed under a proper consolidated motion.*

*Either mistakenly or lack of opposition to address other issues raised, the government offers no opposition to issued raised by Rushing that the indictment language used in the PSR utilized the inexact "on or about" language that did not specify how many days Rushing was in violation of the CWA or as addressed in defendant's opening motion for resentencing, the government's urging the court to impose a $520,000. fine without a factual basis. However, the government does admit that the sentencing court indeed used the basis of the Sentencing Commission Guidelines and PSR to calculate days (104) that Rushing allegedly violated the Clean Water Act. Consequently, the sentencing court placed the 'burden of proof' on Rushing rather than the Government. These two subject matters have been raised and are indeed discussed in Ameline and are a part and parcel of this Remand.*

*Under this remand as raised by Rushing, his case is parallel to Ameline, wherein, in the Ameline case the Court erred in its erroneous allocation of the burden of proof by relying on and using unfounded quantities of methamphetamine as were submitted in the PSR. In Rushing's case the district court erroneously calculated the days of fine by us of information in the PSR. The jury did not establish*

respectfully requested.

---

*any specific days of violation and as explained in Ameline 409 F.3d 1073 and 1085, the court may not rely on factual statements in the PSR or shift the burden of proof to the defendant.  Quoting Ameline:*

> *". . . Government bears burden of proof for any contested fact that sentencing court would find necessary to determine base offense level; court may not simply rely on factual statements in presentence report and . . . remand is also required to address the district court's error in misallocating the burden of proof at sentencing, in light of the presentation of evidence by Ameline challenging the drug amount recommended in the PSR.*

*Clearly, the 9th Circuit's Remand in this case encompasses findings and relief not presently considered in the District Court's resentencing directions, but has been raised by Rushing.*

*First to address the district court's question of would the sentence imposed have been materially different had the court known that the sentencing guidelines were advisory as opposed to mandatory.  The answer is YES.  The record is sufficiently clear to conduct complete plain error analysis therefore the remand to district court for purpose of ascertaining whether sentence imposed would have been materially different had court known that sentencing guidelines were advisory is mute.  See (Ameline 409 F.3d 1073)*

*Secondly, by admission of the government, the district court used the basis of the prior mandatory nature of the Sentencing Commission Guidelines and PSR to calculate days (104) that Rushing allegedly violated the Clean Water Act and by further influencing the court to impose a $520,000. fine without a factual basis. Note:  you will find the transcript language and page number needed to support this statement in my first Imposition of Sentence records.*

DATED this 9th day of January, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
550 West 7th Avenue, Suite 1600
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:


I certify that on *, 2006, a copy of the
foregoing *, with attachments, was
served electronically on:


Kevin Feldis, Esq.


/s/ Mary C. Geddes