IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


UNITED STATES OF AMERICA,          )
                                   )
                   Plaintiff,      )
                                   )
        vs.                        )
                                   )
RICK RUSHING            [D-02]     )
                                   )    No. A00-0023-CR (HRH)
                   Defendant.      )
_____)


O R D E R

Motion for Resentencing[1]

        Defendant Rushing moves for resentencing pursuant to
United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005).   The
motion is opposed.   The court perceives no need for oral argument
on this matter.

        Defendant Rushing was charged in a federal grand jury
indictment with one count of violating the Clean Air Act, 42 U.S.C.
§§ 7412(f)(4) and (h) and 7413(c)(1), one violation of the Clean
Water Act, 33 U.S.C. §§ 1311(a) and 1319(c)(2)(A), and seven counts
of obstructing proceedings before departments and agencies,
18 U.S.C. § 1505.[2] After a jury trial, the defendant was convicted

---

[1]     Clerk's Docket No. 189.

[2]     Clerk's Docket No. 1.

- 1 -

of all the foregoing charges. Defendant was sentenced to a term of imprisonment (which, by the time of the instant motion, had been served in full such that the defendant is now on supervised release) and was fined $520,000.00.[3] Although the judgment did not specify that the fine was imposed under the Clean Water Act, the court's personal notes as well as the presentence report make it clear that that sentence was imposed with reference to 33 U.S.C. § 1319(c)(2)(A). That statute authorizes (some would say requires) a minimum fine of $5,000.00 per day of violation up to $50,000.00 per day of violation. Rushing appealed, and the Ninth Circuit Court of Appeals affirmed except as to Count 8 (one of the obstruction counts) which was reversed. The fine imposed upon defendant was expressly affirmed, but his sentence of imprisonment was vacated and the case remanded for reconsideration in light of the circuit court opinion. United States v. Technic Services, Inc., 314 F.3d 1031, 1053-54 (9th Cir. 2002). On remand, the court imposed the exact same sentence of imprisonment and fine for violation of the Clean Water Act. Defendant took a sentence appeal — which appears to have been focused upon the term of imprisonment — that was pending when the Ninth Circuit Court decided Ameline. The case was again remanded to this court "for further proceedings consistent with United States v. Ameline...."[4] By order of October 19, 2005, this court entered its order setting out

---

[3]    Clerk's Docket No. 109.

[4]    Memorandum Decision at 2, Clerk's Docket No. 183.

Case 3:00-cr-00023-HRH   Document 198   Filed 01/27/06   Page 2 of 8

proceedings to be followed on remand.[5]  In due course, the instant
motion was filed by defendant and opposed by the Government.

Because defendant has completed the service of his
sentence of imprisonment, the focus of these proceedings has
shifted from the term of imprisonment to the court's imposition of
a $525,000.00 fine under the Clean Water Act.  Defendant makes
three contentions:

> (1)  The fine imposed by the court exceeded
> the maximum allowed by law.
>
> (2)  The court should resentence in
> consideration of defendant's ability to
> pay a fine.
>
> (3)  The verdict made no specific finding as
> to the number of days that the Clean
> Water Act was violated.

As set out in this court's order for proceedings on
remand,[6] there is but one question before the court at this time.
That question is formulated in the foregoing order.  The court's
statement of the matter before it came directly from <u>Ameline</u>, which
states:

> If the district court determines that the
> sentence imposed would not have differed
> materially had he been aware that the
> Guidelines were advisory, the district court
> judge should place on the record a decision

---

[5]     Clerk's Docket No. 184.

[6]     <u>Id.</u>

not to resentence, with an appropriate
explanation. ....

If the district court determines that the
sentence imposed would have differed
materially if the district court judge were
applying the Guidelines as advisory rather
than mandatory, [the district judge will
vacate the judgment and] will resentence with
the defendant present.

United States v. Ameline, 409 F.3d at 1085.

Defendant's first contention — that the fine imposed by
the court was an illegal sentence — is not properly before the
court under Ameline.  The issue has nothing to do with mandatory
versus advisory Sentencing Commission guidelines.  If the
defendant's first issue were properly before the court, the
contention could be quickly resolved.  Defendant contends that
18 U.S.C. § 3571 sets the maximum for lawful fines at $250,000.00.
Not so.  Indeed, the very statute to which defendant makes
reference expressly provides that the court may fine an individual
"the greatest of – (1) the amount specified in the law setting
forth the offense...."  Here, the law in question is the Clean
Water Act, 33 U.S.C. § 1319(c)(2).  It expressly provides for "a
fine of not less than $5,000.00 nor more than $50,000.00 per day of
violation...."  Defendant's first contention does not comport with
the limited remand of this case and is frivolous on the merits.

Defendant's second contention is that the court should
reconsider its sentence of fine based upon the defendant's ability
(or lack thereof) to pay a fine.  This issue also has nothing to do
with the distinction between mandatory and advisory Sentencing

- 4 -

Commission guidelines.  Rather, this issue has to do with the court's expression of willingness to consider remitting some of the fine that it imposed once defendant's financial situation was better known and after he was on supervised release.  Defendant is now on supervised release, but these proceedings are about Ameline and the remand of this case pursuant to Ameline, and have to do with the question of whether or not defendant should be resentenced under Ameline.  The court declines to change the nature and scope of these proceedings at this time.

Finally, defendant argues that the jury that convicted him made no specific finding as to the number of days of violation of the Clean Water Act.[7]  In the belief that the Government's evidence supported 104 days of violation(which appears not to have been contested at sentencing), the court did employ 104 days for purposes of calculating the fine in this case.  In deciding the defendant's merits appeal, the court dealt squarely with this issue and concluded that "[t]he jury ... found that Defendants violated the Clean Water Act for 104 days...." Technic Services, Inc., 314 F.3d at 1053.  The court's sentence of a fine was expressly affirmed on appeal.  Id. At 1053-54.

The issue of who should have made the finding as regards the days of violation is as close as defendant gets to an Ameline argument.  Defendant argues that in the aftermath of Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S.

---

[7]    See Rushing Verdict No. 2, Clerk's Docket No. 90.

- 5 -

220 (2005), and <u>Ameline</u>, the court should reexamine the conclusion that there were 104 days of Clean Water Act violation. But the court of appeals has already held that the trial jury found 104 days of violation, and whether there were or were not 104 days of violation really has nothing to do with the distinction between guidelines which mandate a particular sentence depending on the facts of the case and guidelines which are advisory as regards sentences depending upon the facts of a case. The court concludes that the accuracy of the finding of the number of days of Clean Water Act violation is not a matter presently before the court.

Not wishing to figuratively stick its head in the sand, much less thumb its nose at the good purpose behind <u>Ameline</u>, this court has seriously rethought the fine imposed in this case based upon everything the court knows and recalls about the case in the light of 18 U.S.C. § 3553(a). Having performed that exercise, the court concludes that it would not have sentenced differently as regards the fine in this case had it know that the guidelines were advisory rather than mandatory. The court so says for reasons which are based upon the court's consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a)(1), (2)(A), (2)(B), (2)(C), and (3).

First, as should have been apparent to all concerned from the outset of these remand proceedings, the question of the nature of the Sentencing Commission guidelines as regards the fine imposed in this case is irrelevant. The court did not impose a pure guideline fine. The guideline Fine Table range for a fine in this

- 6 -

case was $7,500.00 to $75,000.00.[8]  However, the guidelines also
provide for the accommodation of greater statutory fines[9] such that
the final guideline range for this case actually became $7,500.00
to  $5.2 million.[10]  Thus, the fine of $520,000.00 which the court
imposed was not so much a function of the then mandatory guidelines
which would themselves have capped the fine at $75,000.00 as it was
a function of the statute that arguably called for a mandatory fine
of not less than $5,000.00 per day of violation.  In other words,
in fixing a fine, the court really was being guided by the kind of
fine available under the statute, not the guidelines — irrespective
of whether the guidelines were mandatory or advisory.

        Second, this court must candidly acknowledge that many of
the cases which it has handled over the years have left no lasting
impression  whatever.   In  many  cases,  the  court  might  find  it
difficult  to  say  with  conviction  what  it  would  have  done  had  it
known that the guidelines were advisory rather than mandatory.  Not
so in this case, which created a very lasting set of memories about
the defendant and his violations of the Clean Air Act, Clean Water
Act,  and  obstruction  statute.   Defendant's  offenses  were  not  the
result  of  ignorance,  inadvertence,  or  other  careless  conduct.
Defendant  willfully  —  and  with  glee  as  shown  on  a  videotape  —
violated  federal  environmental  laws.   And  when  his  conduct  came

---

[8]     USSC Guideline § 5E1.2(c)(3).

[9]     USSC Guideline § 5E1.2(c)(4).

[10]    104 days of violation times $50,000.00 per day equals
$5.2 million.

Case 3:00-cr-00023-HRH   Document 198   Filed 01/27/06   Page 7 of 8

under scrutiny, he actively obstructed the investigation, coercing employees into signing false statements. Even without consideration of the obstruction offenses, this case involved the most flagrant violations of environmental laws the court has ever handled. With the obstruction offenses, defendant's conduct was at the outer limit of illegal environmental offenses.

Finally, the egregious nature of defendant's offense made the need for deterrence and protection of the public high priorities.

In consideration of the foregoing, this court entertains absolutely no doubt that its sentence of a fine of $520,000.00 would have been the same had it known that the Sentencing Commission guidelines were advisory, not mandatory. The motion for resentencing is denied.

Any appeal from this order must be taken within 10 days. Fed. R. App. P. Rule 4(b).

DATED at Anchorage, Alaska, this <u>27th</u> day of January, 2006.

/s/H. Russel Holland
United States District Judge